IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSHUA EMIL SULLIVAN,<br><br>Defendant. | Criminal No. 3:20-cr-73<br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM |

COMES NOW the United States of America, by its undersigned counsel, and provides the following memorandum for the sentencing in this matter.

## TABLE OF CONTENTS

I.    BACKGROUND ................................................................................. 1

II.   SENTENCING CALCULATION ...................................................... 2

III.  ISSUES TO BE RESOLVED ............................................................ 2
      1. Prepubescent Child Enhancement ............................................... 2
      2. Image Count ................................................................................. 2

IV.   GOVERNMENT'S RECOMMENDATION ...................................... 2

## I.  BACKGROUND

The defendant was charged with one count of Receiving and Distributing Child Pornography, on or between January 1, 2020, and June 12, 2020, in violation of Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1), in an Indictment filed July 7, 2020. (PSR ¶ 1.) A notice of forfeiture was also filed. *Id.*

The defendant pled guilty, as charged, on December 17, 2020. (PSR ¶ 2.) The Court accepted the defendant's plea and adjudicated him guilty on January 4, 2021.

*Id.*

There is no plea agreement, and there are no counts to be dismissed. (PSR ¶ 3.)

## II.  SENTENCING CALCULATION

In the presentence report paragraphs 32-42, the defendant's guidelines range was calculated as follows:

| | |
|---|---|
| BOL (USSG §2G2.2(a)(2)) | 22 |
| SOC (USSG §2G2.2(b)(2) [prepubescent minor]) | +2 |
| SOC (USSG §2G2.2(b)(3)(F) [distribution]) | +2 |
| SOC (USSG §2G2.2(b)(6) [computer]) | +2 |
| SOC (USSG §2G2.2(b)(7)(D) [600 or more images]) | +5 |
| Acceptance | -3 |
| TOL | =30 |
| Criminal History Category (PSR ¶ 36): | I |
| Sentencing Guidelines Range (PSR ¶ 81): | 97 to 121 months |

## III. ISSUES TO BE RESOLVED

### 1. Prepubescent Child Enhancement

Defense Counsel has informed counsel for the government that he is withdrawing the objection to this enhancement.

### 2. Image Count

USSG §2G2.2(b)(7)(D) provides for a five-level enhancement "[i]f the offense involved—600 or more images." USSG §2G2.2(b)(7)(D). Application Note 6(B)(ii)

2

states "[e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images. If the length of the visual depiction is substantially more than 5 minutes, an upward departure may be warranted."

As outlined in the PSR, the undercover agent captured the defendant uploading three videos of child pornography to Kik. (PSR ¶ 7.) Those files were uploaded to Kik on January 25, 2020; February 2, 2020; and February 10, 2020. *Id.* Kik also submitted a tip to NCMEC regarding the defendant uploading 14 files that contained suspected child pornography—all of which were uploaded on February 6, 2020. (PSR ¶ 10.) Five of the files submitted to NCMEC by Kik were videos. (Gov. Ex. 1.) Agents subsequently interviewed the defendant about his involvement in receiving and distributing child pornography. (PSR ¶ 13.) Defendant was asked how many files he had shared and he said "many." *Id.* Defendant went on to say he had used Dropbox and that at times there may have been 500 to 600 videos in one file. *Id.*

Defense counsel asserts that the fact that the statement was made is not contested. However, the defendant now asserts that "[i]t is improper counting to extrapolate from Defendant's general, overview discussions, into a solid count of 'images' to be used against [him]." (DCD 40.) The defendant has cited no caselaw in support of his assertion that it is improper to extrapolate an image count from his statement. *See id.*

Because each video is attributed as 75 images, the defendant's relevant conduct would only need to include a total of 8 videos to get to a total of 600 images. *See* USSG §2G2.2, Note 6. The defendant is not contesting the attribution of the three

3

videos captured by the undercover agent. Furthermore, the defendant is not contesting that he received and distributed additional images. The defendant offers no explanation of why his admission should not be given weight. This position is contrary to the Guidelines statement that the Court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. §6A1.3(a). Here the defendant's statement would be admissible under the rules of evidence, and there is nothing about the statement that indicates it is unreliable.

Additionally, the defendant's position that the image count cannot be extrapolated from his statement is also inconsistent with caselaw on applying the guidelines. *See United States v. Yellow Horse*, 774 F.3d 493, 497 (8th Cir. 2014) ("[E]vidence of specific drug quantities is not required, as the 'court may make a specific numeric determination of quantity based on imprecise evidence so long as the record reflects the basis for the court's decision."). Even assuming the defendant overestimated the amount of images, if there were only 5 videos (the number of videos submitted to NCMEC by Kik), that would equate to 600 images for the purposes of the guidelines. *See* USSG §2G2.2, Note 6. It is worth noting that in the context of distribution of child pornography, the Eighth Circuit has affirmed counting each copy of a video/image, even duplicates of the same video/images. *See United States v. Sampson*, 606 F.3d 505, 510 (8th Cir. 2010) (affirming the district court's double counting of images that had been distributed twice.).

4

Here, there is amply evidence to find that the defendant's relevant conduct involved more than 600 images, and the enhancement under USSG §2G2.2(b)(7) was appropriately applied.

## IV. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. §3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

The defendant is 46 years old. (PSR p. 2.) Here, the defendant was caught after distributing child pornography involving prepubescent children (as young as three to five years old) in a Kik chat room. (PSR ¶ 7.) The defendant admitted to receiving and distributing "many" child pornography files. (PSR ¶ 13.)

The government will ask the District Court to find a final advisory guideline range of Level 30/Criminal History category I: 97 to 121 months of imprisonment. The Government is recommending a guidelines sentence.

WHEREFORE, the government prays the District Court consider this

sentencing memorandum in determining the final sentence of the defendant.

Respectfully submitted,

Richard D. Westphal
Acting United States Attorney

By:    */s/ Andrea L. Glasgow*
Andrea L. Glasgow
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: andrea.glasgow@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

  x   ECF/Electronic filing          Other means


UNITED STATES ATTORNEY

By: */s/ Andrea L. Glasgow*
      Assistant United States Attorney